**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00190-MR**

| | |
|---|---|
| JERITON LAVAR CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

## I. BACKGROUND

In this action filed on April 27, 2021, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), pro se Plaintiff Jeriton Lavar Curry ("Plaintiff"), a federal prisoner currently incarcerated at WILLIAMSBURG Federal Correctional Institution ("Williamsburg") in Salters, South Carolina, purports to bring claims arising out of events occurring in Salters.[1] Plaintiff names the "Federal Bureau of Prisons/FCI Williamsburg" and J. Olberding, identified as an "SIS Officer" at

---

[1] Salters, South Carolina, is in the United States District Court for the District of South Carolina.

Williamsburg, as Defendants. [Doc. 1 at 2]. Plaintiff claims violation of his "equal protection, due process, cruel and unusual punishment," and First Amendment rights while at Williamsburg. [Id. at 3-4, 12]. Plaintiff alleges that he was retaliated against for "exercising an [*sic*] constitutional issue" and was placed in a cell with another inmate who had symptoms of the Coronavirus and should have been isolated. [Id. at 13-14]. Shortly thereafter, Plaintiff tested positive for Covid-19. [Id. at 14].

For relief, Plaintiff seeks monetary damages and immediate release from BOP custody. [Id. at 5].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the District of South Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the District of South Carolina. The Court will transfer this action.

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the District of South Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the District of South Carolina.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: April 30, 2021

Martin Reidinger
Chief United States District Judge